■■■ JEANNE FERGUSON, Respondent, v E.M.D. ENTERPRISES, INC., Doing Business as THE COUNTRY CLUB, et al., Defendants. LEXINGTON INSURANCE COMPANY, Appellant. [864 NYS2d 809]—

Appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered October 16, 2007 in a

personal injury action. The order, insofar as appealed from, denied the motion of Lexington Insurance Company for permission to intervene.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell while at a nightclub insured under a policy issued by appellant, Lexington Insurance Company (Lexington). The policy provided coverage only in excess of a self-insured retention in the amount of $25,000 for each claim (hereafter, Retained Limit). Although Lexington had no duty to investigate or defend a claim or suit unless and until the Retained Limit had been exhausted, it had the discretion to do so at any time. After the named insureds failed to respond to inquiries from Lexington, Lexington moved pursuant to CPLR 1012 (a) (2) for permission to intervene in the action, to be added as a defendant. We reject the contention of Lexington that Supreme Court erred in denying its motion. Although Lexington was not required to defend its insureds before the Retained Limit was exhausted, it had both the right and the opportunity to do so (*see generally Buckeridge v Ludlow Motor Co., Inc.,* 276 App Div 511, 512-513 [1950], *lv dismissed* 301 NY 609 [1950]). There is thus no need for intervention, inasmuch as Lexington may as of right protect its own interests by defending its insureds in the action (*see generally* Siegel, NY Prac § 183, at 313 [4th ed]). Present—Hurlbutt, J.P., Centra, Peradotto, Green and Gorski, JJ.